JAMES CONLEY (SBN: 224174)
jconley@grsm.com
DIANE N. HOLLAND (SBN: 332992)
dgerstenfeld@grsm.com
GORDON REES SCULLY
MANSUKHANI, LLP
3 Parkcenter Drive, Suite 200
Sacramento, California 95825
Telephone:      (916) 565-2900
Facsimile:      (916) 920-4402

Attorneys for Defendant
WAL-MART ASSOCIATES, INC.

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HEATHER PIER, individually,<br><br>            Plaintiff,<br><br>      v.<br><br>WAL-MART ASSOCIATES, INC., a Delaware Corporation; and Does 1-20,<br><br>            Defendants. | Case No.<br><br>**DEFENDANT WAL-MART ASSOCIATES, INC.'S NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT UNDER 28 U.S.C. §§ 1332, 1441(B), AND 1446**<br><br>*[Filed concurrently with Civil Cover Sheet; Corporate Disclosure Statement; Notice of Interested Parties and Declaration of James T. Conley]*<br><br>Complaint Filed: January 26, 2026 |

**TO THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF CALIFORNIA AND TO PLAINTIFF AND HER COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE THAT** that Defendant WAL-MART ASSOCIATES, INC. ("Walmart" or "Defendant") by and through the undersigned counsel, hereby removes the above-entitled action from the Superior Court of the State of California for the County of Placer to the United States District Court for the Eastern District of California pursuant to United States Code, Title 28, Sections 1332, 1441(b), and 1446. Removal is proper on the grounds that: (1) there is

- 1 -

complete diversity of citizenship between the parties as Plaintiff HEATHER PIER ("Plaintiff") is a citizen of the State of California and the properly-named defendant is a citizen of the State of Delaware and/or the State of Arkansas; (2) the amount in controversy exceeds the jurisdictional minimum of more than $75,000 set forth in Section 1332(a); and (3) the foregoing facts were true when Plaintiff filed this action and remain true as of the date of the filing of this Notice of Removal.

## I.      THE STATE COURT ACTION

1.      On January 26, 2026, Plaintiff filed a Complaint entitled "*Heather Pier vs. Wal-Mart Associates, Inc. et al.*" ("Complaint") in the Superior Court of the State of California for the County of Placer, Case Number S-CV-0057109. A true and correct copy of the Complaint is attached hereto as **Exhibit A**.

2.      On February 27, 2026, Plaintiff served Defendant with a copy of the Summons, Complaint, Civil Case Cover Sheet, Alternative Dispute Resolution Information Sheet, and Notice of Case Management Conference through its statutory agent, CT Corporation. A true and correct copy of the Summons, Complaint, Civil Case Cover Sheet, Alternative Dispute Resolution Information Sheet and Notice of Case Management Conference are attached hereto as **Exhibit B**.

3.      On March 26, 2026, Walmart filed an Answer to Plaintiff's Complaint. A true and correct copy of Walmart's Answer is attached hereto as **Exhibit C**.

## II.     REMOVAL IS TIMELY

4.      A defendant in a civil action has thirty days from the date it is validly served with a summons and complaint to remove the action to federal court. 28 U.S.C. § 1446(b)(1) ("The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based…"); *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999) (holding that a defendant's time to remove is triggered by formal service of the summons and complaint).

5.      The March 27, 2026, removal is timely because it occurred within thirty days of Walmart's February 27, 2026 service date.

/ / /

DEFENDANT WAL-MART ASSOCIATES, INC.'S NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT UNDER 28 U.S.C. §§ 1332, 1441(B), AND 1446

**GORDON REES SCULLY MANSUKHANI, LLP**
3 Parkcenter Drive, Suite 200
Sacramento, CA 95825

**III.    COMPLETE DIVERSITY EXISTS BETWEEN PARTIES**

6.    This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332 on diversity grounds. Therefore, Walmart may remove this action to this Court pursuant to 28 U.S.C. § 1441.

7.    Original jurisdiction exists because Plaintiff and all properly-named defendants are citizens of different states, and the amount in controversy exceeds $75,000.00, exclusive of interests and costs.

8.    **Plaintiff is a Citizen of California**: Plaintiff is a resident of the State of California. **Exhibit A**, Complaint, ¶ 2. For diversity purposes, a person is a citizen of the state in which he is domiciled. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). A person's domicile is the place he resides with the intention to remain or to which he intends to return. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). Given her residency, Plaintiff is domiciled in and a citizen of the State of California.

9.    **Walmart is Not a Citizen of California**: Pursuant to United States Code, Title 28, Section 1332(c), "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." The United States Supreme Court has established the proper test for determining a corporation's principal place of business for purposes of diversity jurisdiction. *Hertz Corp. v. Friend*, 559 U.S. 77 (2010). The Court held that the principal place of business, as contained in Section 1332(c), is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities." *Id.* at 1184. The Court further clarified that the principal place of business was the place where the corporation "maintains its headquarters - provided that the headquarters is the actual center of direction, control and coordination." *Id.*

10.    **Walmart Is a Citizen of The State of Delaware and/or The State of Arkansas**: Walmart is now, and was at the time of filing this action, a citizen of a State other than California within the meaning of meaning of United States Code, Title 28, Section 1332(c)(1). Specifically, at the time this action was commenced, Walmart was (and is still) incorporated under the laws of the State of Delaware, each with its principal place of business in the State of Arkansas. *See Cesena*

GORDON REES SCULLY MANSUKHANI, LLP
3 Parkcenter Drive, Suite 200
Sacramento, CA  95825

*v. Wal-Mart Assocs., Inc.*, No. CV 16-2388-R, 2016 WL 3353931, at *2 (C.D. Cal. June 8, 2016) ("Defendant Walmart, which is incorporated in Delaware and has its principal place of business in Arkansas"); *Elliot v. Wal-Mart Stores, Inc.*, No. 1:09-CV-1420-OWW-GSA, 2009 WL 4253973, at *1 (E.D. Cal. Nov. 24, 2009), report and recommendation adopted, No. 1:09CV1420 OWW GSA, 2009 WL 10695076 (E.D. Cal. Dec. 23, 2009) ("Defendant [Wal-Mart] is a corporation incorporated under the laws of the State of Delaware and has its principal place of business in Bentonville, Arkansas.").

11.     Thus, Walmart is not a citizen of the State of California. Rather, it is a citizen of the State of Delaware and/or the State of Arkansas for the purpose of determining jurisdiction.

12.     **"Doe" Defendant Citizenship**: "For purposes of removal…the citizenship of defendants sued under fictitious names should be disregarded." 28 U.S.C. § 1441(a). Inclusion of "Doe" defendants in a state court complaint has no effect on removability. *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690 (9th Cir. 1998) (in determining whether diversity of citizenship exists, only the named defendants are considered); *Salveson v. W. States Bankcard Ass'n*, 731 F.2d 1423, 1429 (9th Cir. 1984) (holding that the rule in the Ninth Circuit is that non-served defendants are not required to join in a removal petition). Therefore, Plaintiff's inclusion of "Does 1 through 20" in the Complaint cannot defeat diversity jurisdiction.

## IV.    THE JURISDICTIONAL MINIMUM IS EASILY MET

13.     This Court's jurisdictional minimum of an amount in controversy of more than $75,000 is and was satisfied at the time this action was filed, as explained below.

14.     As a threshold matter, the Court may look to the Complaint and the removal papers for underlying facts establishing the jurisdictional limit for removal. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). In determining whether the jurisdictional minimum is met, the Court considers all recoverable damages, including compensatory damages, emotional distress damages, punitive damages, statutory penalties, and attorney's fees. *Hunt v. Washington State Apple Advert. Comm'n*, 432 U.S. 333, 347–48 (1977); *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155–56 (9th Cir. 1998). Removal is proper if from the allegations of the Complaint and the Notice of Removal, it is more likely than not that the value of Plaintiff's claims exceeds $75,000. *Sanchez v.*

GORDON REES SCULLY MANSUKHANI, LLP
3 Parkcenter Drive, Suite 200
Sacramento, CA  95825

*Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996); *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999).

15.    "[A]s specified in § 1446(a), a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81 (2014). To meet this relatively low burden regarding the amount in controversy, a defendant may rely on the plaintiff's allegations, which are assumed to be true, and provide supplementary facts or numbers upon which the amount in controversy can reasonably be calculated. *See Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1205 (E.D. Cal. 2008); *Rippee v. Bos. Mkt. Corp.*, 408 F. Supp. 2d 982, 986 (S.D. Cal. 2005) (allowing the use of "Defendants' own numbers" for "purposes of analyzing the amount in controversy").

16.    **Compensatory Damages**: In her Complaint, Plaintiff claims to have "suffered and continue to suffer losses in earnings and other employment benefits and have incurred other economic losses." (**Exhibit A**, Complaint, ¶¶ 25, 32, 39, 46, and Prayer for Relief ¶2.) Assuming she has not secured new employment, Plaintiff puts at issue approximately seven (7) months of lost income to date since her termination on August 25, 2025. (*See* Declaration of James T. Conley ("Conley Decl."), at ¶ 3, filed concurrently herewith.) Assuming this case goes to trial in approximately 65.6 months, her back pay claim will seek over 72.6 months (over 6 years) of lost wages and benefits. *See U.S. District Courts—Median Time From Filings To Trial For Civil Cases In Which Trials Were Completed—During the 12-Month Periods Ending June 30, 2025* accessible at        https://www.uscourts.gov/data-news/data-tables/2025/06/30/statistical-tables-federal-judiciary/t-3 (last accessed on March 25, 2026) (indicating that the median time from filing to trial for civil cases in the Eastern District of California is 65.6 months). Walmart's records indicate that, at the time of her termination, Plaintiff was earning $18.50 per hour and working approximately 32 hours per week, thus earning approximately $562 per week and $2,537 per month. (*See* Conley Decl., at ¶ 3.) As of the time of trial, her claim for lost income alone will be approximately **$184,186** ($2,537 for 72.6 months). (*See* Conley Decl., at ¶ 3.)

///

GORDON REES SCULLY MANSUKHANI, LLP
3 Parkcenter Drive, Suite 200
Sacramento, CA 95825

- 5 -

GORDON REES SCULLY MANSUKHANI, LLP
3 Parkcenter Drive, Suite 200
Sacramento, CA 95825

17.    **Statutory Penalties:** Plaintiff also seeks statutory penalties pursuant to the California Labor Code (**Exhibit A**, Complaint, ¶ 51, 58, and Prayer for Relief, ¶ 1).  Her claims for penalties will help satisfy the amount in controversy requirement for purposes of removal.

18.    **Non-Economic Damages**: Plaintiff further alleges that she "suffered humiliation, embarrassment, mental and emotional distress." (**Exhibit A**, Complaint, ¶¶ 26, 33, 40, 47.) A review of jury verdicts in California demonstrates that emotional distress awards in wrongful discharge cases commonly exceed $75,000. *See, e.g., Cosby v. Autozone, Inc.*, 2010 WL 1012678 (E.D. Cal. Feb. 12, 2010) (award of $1,326,000 in mental suffering to employee terminated based on disability); *Kolas v. Access Business Group LLC*, 2008 WL 496470 (Los Angeles County Superior Court) (award of $200,000 in non-economic damages to employee terminated in part based on age); *Tiegs v. Bank of America*, 2004 WL 903847 (Orange County Superior Court) (jury award of more than $3,00,000 to 50 year old bank employee terminated because of age); *Pirouzkar v. Regents of the University of California*, 2002 WL 31414996 (Los Angeles County Superior Court) (award of $2,087,500 pain and suffering damages awarded to doctor alleging discrimination and wrongful discharge). Therefore, Plaintiff's claimed emotional distress damages alone are likely to satisfy the amount in controversy requirement for removal.

19.    **Punitive Damages**: Plaintiff seeks punitive damages. (**Exhibit A**, Complaint, ¶¶ 23, 34, 41, 48, and Prayer for Relief, ¶ 4.) This amount alone well exceeds the $75,000 statutory minimum. Jury verdicts in analogous cases may be used to establish probable amounts of punitive damages. *Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1033 (N.D. Cal. 2002). Moreover, "[t]he fact that the cited cases involve distinguishable facts is not dispositive. Notwithstanding these differences, the jury verdicts in these cases amply demonstrate the potential for large punitive damage awards in employment discrimination cases." *Id.* The court in *Simmons* relied on jury verdicts from several cases to establish the probable award of punitive damages, including punitive damage awards in the amount of $60,000 (*Prasad v. University of Cal. Davis Med. Ctr.*, JVR No. 802857, 2001 WL 1808527 (Jan. 1, 2001)) and $40,000,000 (*Lane v. Hughes Aircraft Co.*, JVR No. 801112, 1995 WL 17078750 (Jul. 1, 1995)). *Id.* As in *Simmons*, Plaintiff is alleging employment discrimination. Thus, the jury verdicts that supported a finding of the requisite amount

DEFENDANT WAL-MART ASSOCIATES, INC.'S NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT UNDER 28 U.S.C. §§ 1332, 1441(B), AND 1446

in controversy in *Simmons* support such a finding here. Nevertheless, as mentioned, "the Court need not determine whether the cases Defendant cites are sufficiently factually analogous, and need not put an exact numerical value on a potential punitive damages award to conclude that a substantial punitive damages award is likely if Plaintiff succeeds on her Complaint." *Mejia v. Parker Hannifin Corporation*, 2018 WL 582325, at \*5, (C.D. Cal., Jan. 26, 2018, No. CV178477MWFRAOX).

20.    **Attorneys' Fees**: Plaintiff also seeks attorneys' fees. (**Exhibit A**, Complaint, ¶¶ 24, 25, 32, 35, 39, 41, and Prayer for Relief, ¶ 3.) Requests for attorneys' fees must be taken into account in ascertaining the amount in controversy. *See Galt G/S*, 142 F.3d at 1156 (claims for statutory attorneys' fees to be included in the amount in controversy, regardless of whether award is discretionary or mandatory). Recently, the United States District Court for the Northern District of California awarded attorneys' fees to a prevailing plaintiff asserting Fair Employment and Housing Act claims of $550 per hour (for an attorney with 20 years' experience) and $350 (for an attorney with 7 years' experience). *See Andrade v. Arby's Rest. Grp.*, Inc., 225 F. Supp. 3d 1115, 1144 (N.D. Cal. 2016) (awarding over $42,000 in attorneys' fees for a default judgment); *see also Garcia v. ACE Cash Express, Inc.*, No. SACV 14-0285-DOC, 2014 WL 2468344, at \*3–5 (C.D. Cal. May 30, 2014) (holding that for purposes of calculating the amount in controversy at removal, $300 per hour with 100 hours expended is a conservative estimate of attorneys' fees sought, and noting that employment claims require "substantial effort" from counsel resulting in fees that often exceed damages). Defendant anticipates that the parties will propound written discovery and that depositions will be taken in this case, and that ultimately Defendant will move for summary judgment. Preparing for and responding to these actions alone is likely to trigger significant attorneys' fees. Therefore, if Plaintiff is successful on her claims, she could be entitled to an award of attorneys' fees that itself would "more likely than not" exceed $75,000, as is typical in employment discrimination cases.

21.    Plaintiff's claims for economic damages, non-economic damages, punitive damages and attorneys' fees establish on the face of the Complaint that the amount in controversy indisputably exceeds $75,000.

- 7 -

GORDON REES SCULLY MANSUKHANI, LLP
3 Parkcenter Drive, Suite 200
Sacramento, CA 95825

## V.    VENUE

22.    Venue lies in this court because Plaintiff's action is pending in this district and division. *See* 28 U.S.C. § 1441(a). Under United States Code, Title 28, Section 1441(a), this case may properly be removed to the Eastern District of California because Plaintiff filed this case in the Superior Court of the State of California, County of Sacramento. Additionally, Defendant is informed and believes that the events allegedly giving rise to this action occurred within this judicial district.

## VI.    SATISFACTION OF REQUIREMENTS OF 28 U.S.C. §1446

23.    In accordance with United States Code, Title 28 Section 1446(a), **Exhibits A-C** constitute a copy of all processes, pleadings, and orders either served upon or by Defendant. As required by United States Code, Title 28, Section 1446(b), the Notice of Removal was filed within 30 days after Walmart was served with Plaintiff's Complaint. As required by United States Code, Title 28, Section 1446(d), Walmart will provide notice of this removal to Plaintiff through her attorneys of record and a copy of this Notice of Removal will be filed with the Superior Court of the State of California for the County of Sacramento.

## VII.    CONCLUSION

24.    Because this civil action is between citizens of different states and the matter in controversy exceeds $75,000, exclusive of interest and costs, Defendant respectfully requests that this Court exercise its removal jurisdiction over this action.

25.    In the event this Court has a question regarding the propriety of this Notice, Defendant requests the Court set an evidentiary hearing so that it may have an opportunity to more fully brief the Court on the basis for this removal.

Dated: March 27, 2026                    GORDON REES SCULLY MANSUKHANI, LLP


By: */s/ James T. Conley*
                    James Conley
                    Diane N. Holland
                    Attorneys for Defendant
                    WAL-MART ASSOCIATES, INC.

**PROOF OF SERVICE**

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is: Gordon Rees Scully Mansukhani, LLP Parkcenter Drive, Suite 200 Sacramento, California 95825. On March 27, 2026, I served the within documents:

**DEFENDANT WAL-MART ASSOCIATES, INC.'S NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT UNDER 28 U.S.C. §§ 1332, 1441(B), AND 1446**

☒ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in United States mail in the State of California at Sacramento, addressed as set forth below.

☒ by transmitting a pdf. format version of the document(s) via electronic mail to the party(s) identified on the service list using the email address(es) indicated.

| | |
|---|---|
| Timothy B. Del Castillo, Esq. <br> tdc@castleemploymentlaw.com <br> Lisa L. Bradner, Esq. <br> lb@castleemploymentlaw.com <br> Kent L. Bradbury, Esq. <br> kb@castleemploymentlaw.com <br> Bryce Q. Fick, Esq. <br> bf@castleemploymentlaw.com <br> CASTLE LAW CALIFORNIA <br> EMPLOYMENT COUNSEL, PC <br> 2999 Douglas Blvd., Suite 180 <br> Roseville, CA 95661 <br> Telephone: (916) 245-0122 <br><br> ***Attorneys for Plaintiff*** <br> ***HEATHER PIER*** | |

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on March 27, 2026 at Sacramento, California.

_____
Sarah Martinez

GORDON REES SCULLY MANSUKHANI, LLP
3 Parkcenter Drive, Suite 200
Sacramento, CA 95825

- 9 -

DEFENDANT WAL-MART ASSOCIATES, INC.'S NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT UNDER 28 U.S.C. §§ 1332, 1441(B), AND 1446